**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

See last sentence of §3.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH SMITH, an individual, on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>AGA SERVICE COMPANY, d/b/a ALLIANZ GLOBAL ASSISTANCE; JEFFERSON INSURANCE COMPANY, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-08557-AB-AFM<br><br>[~~PROPOSED~~] ORDER ENTERING STIPULATED PROTECTIVE ORDER[1] |

---

[1] This Stipulated Protective Order is based substantially on the model protective order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

For good cause show, the Court hereby enters the following Protective Order, which has been stipulated to between the parties in the above-referenced matter:

1. A. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve information relating to the purchase by consumers of event tickets and event protection insurance, including but not limited to personal financial data, as well as trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such

material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  Additionally, any Producing Party may designate as "Attorneys' Eyes Only" any Discovery Material that it believes in good faith contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. DEFINITIONS

    2.1  Action: the above-captioned pending federal lawsuit.

    2.2  Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3  Confidential or "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and are designated as "CONFIDENTIAL" or "Attorneys' Eyes' Only," as specified above in the Good Cause Statement, according to the good faith belief of a Designating Party.

    2.4  Counsel:  Outside Counsel of Record and House Counsel (as well as their employees and other support staff).

    2.5  Designating Party: a Party or Non-Party that designates information or items as "CONFIDENTIAL or "Attorneys' Eyes Only."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, graphic support services, document review, coding, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "Attorneys' Eyes Only," in compliance with this Order, that

has not had such designation removed by agreement of the Parties or by court order, and that is not excluded from protection of this Order pursuant to Section 3 below.

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 Requesting Party: a Party that seeks (whether formally or informally) Disclosure or Discovery Material in this action.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge.

4. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447

F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial. The Parties reserve the right to object to the use or introduction of any material designated as CONFIDENTIAL prior to its use or introduction at trial.

Otherwise, even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court shall retain jurisdiction after final disposition of this matter to hear and resolve any disputes arising out of this Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents not produced in native format, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "Attorneys' Eyes Only" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "Attorneys' Eyes Only" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for electronic files and documents produced in native electronic format, Designating Party shall include both the words "CONFIDENTIAL" or "Attorneys' Eyes Only" and a unique, sequential production number in the file name or designator for the document or file at issue. When electronic files or documents produced in native format are printed for use at deposition, a court proceeding, a court filing, or for provision to an Expert, the Party printing the electronic files or documents shall affix to the printed document a legend that includes the production number and designation associated with the native file.

(c) for any other information transmitted to a Party by electronic means, the label "CONFIDENTIAL" or "Attorneys' Eyes Only" shall appear in the subject of the electronic mail or in the title or other prominent location of the digital document or media through which the information is conveyed.

(d) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or (ii) within thirty (30) days of the deposition or other proceeding, notify all Parties and the stenographer/videographer, in writing, of the specific pages, lines, and/or sections of the transcript or recording that contain confidential information and that should be treated as Protected Material. Except as otherwise agreed to in writing by the Parties, all transcripts and recordings of depositions and other non-public proceedings shall be treated as Protected Material for thirty (30) days following the deposition or proceeding, or until written notice of a designation or non-designation is received, whichever occurs first. A Party that intends to designate testimony as "CONFIDENTIAL" or "Attorneys' Eyes Only" is responsible for obtaining a transcript or recording as needed to make designations within the 30-day period. The Parties may agree at any time that any transcript or recording, or portion(s) thereof, do not qualify for protection under this Order, and such agreement shall not be

unreasonably withheld (e.g., to impose inconvenience on another Party). After the 30-day period, if no Party has designated some or all of that transcript or recording as "CONFIDENTIAL" or "Attorneys' Eyes Only" under this Order, those portions of the transcript or recording not designated as "CONFIDENTIAL" or "Attorneys' Eyes Only" (or the entire transcript or recording if no designations are made), will no longer be considered Protected Material. In the case of a Non-Party witness, testimony can be designated as "CONFIDENTIAL" or "Attorneys' Eyes Only" by a Party or by the Non-Party witness.

After designation, transcript pages containing Protected Material shall, at the request and expense of the Designating Party, be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "Attorneys' Eyes Only." In the event that the deposition or other non-public proceeding is recorded in audiovisual format, the original and all copies of the video recording shall be marked by the video technician to indicate that the content of the video is subject to this Stipulated Protective Order, substantially along the lines of "This video contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulated Protective Order in this matter or pursuant to the written stipulation of the Parties." Any additional charges for such treatment of the transcript or the video recording shall be borne by the Designating Party.

(e) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(f) Use of Protected Material as Exhibits. The use of Protected Material as an exhibit at a deposition or other non-public proceeding shall not, on that basis, in any way affect its designation as "CONFIDENTIAL" or "Attorneys' Eyes Only."

(g) Requests to Seal. Requests to seal court filings or proceedings that would otherwise be a matter of public record shall be made to the Court according to the local rules and individual practices and/or instructions of the Court.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and such materials shall be treated as Protected Material upon written notice by the Designating Party. If possible, the Designating Party shall timely re-produce the information or items with the appropriate designations (and, if applicable, using the same Bates number as the original production). Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2 Disclosure of Protected Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a) the Party and the Party's Counsel;

   (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c) Experts (as defined in this Order) of the Designating Party may be shown or examined on any information, document or thing designated "CONFIDENTIAL" by the Designating Party;

   (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel, and any appellate court or other court, special master, and/or referee (and their personnel) before which the Parties appear in this litigation;

(f) court reporters and videographers (and their staff),

(g) professional jury or trial consultants, mock jurors, and Professional Vendors (i) whose contract with or warranties to a Party related to the provision of services in connection with this action requires them to maintain the confidentiality of the Protected Material or (ii) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) any witness in this action may be shown or examined on any information if the disclosure of Protected Material is reasonably necessary (including if it appears that the witness authored or received a copy of it, possessed or knew the confidential information at issue, was involved in or knowledgeable about the subject matter thereof, or was employed by the Producing Party at the time the Protected Material was created), provided that (i) each such witness shall be advised that such Protected Material is being disclosed pursuant to and subject to the terms of this Order and that the Protected Material may not be disclosed other than pursuant to the terms of this Order and (ii) any witness who is not employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;;

(i) any other person as to whom the Designating Party has consented to disclosure in advance; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.   Materials designated as "Attorneys' Eyes Only" shall not be disclosed by the person receiving it to any other person without the prior written consent of the Producing Party or an order of the Court, except the following:

(a) the Parties' Counsel;

      (b) Court and its personnel, and any appellate court or other court, special master, and/or referee (and their personnel) before which the Parties appear in this litigation; and

      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

      (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.  Any Party issuing a subpoena to a Non-Party shall provide a copy of this Order to the Non-Party.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to maintain the disclosed document or information as Protected Material.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED   MATERIAL</u>

Nothing in this Stipulated Protective Order shall require disclosure of information which is protected by the attorney-client privilege, work product immunity, or other privilege or immunity, or otherwise alters the parties' ethical responsibilities under the State Bar of California Rules of Professional Conduct and the Civility and Professionalism Guidelines for the Central District of California. The inadvertent production of privileged or work-product-protected documents, electronically stored information ("ESI") or information is not, in itself, a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding or governmental investigation or proceeding. There must be an intentional waiver of the applicable privilege or else the information must have been used and disclosed in such a way that the belated assertion of the privilege or protection is no longer practical or would be prejudicial to the Receiving Party. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). For the avoidance of any doubt and for purposes of the application of this paragraph, the parties agree that Federal Rule of Evidence 502(b) does not apply.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Each Receiving Party must immediately return such Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party, which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

12. REDACTIONS

Any Producing Party may redact from Discovery Material matters that the Producing Party claims are Privileged Material. The Producing Party shall mark each redaction with a legend stating "REDACTED," at or near the location of the redaction(s), and must also specify the basis for the redaction on a privilege log. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

Defendants reserve the right to seek a Court order allowing the party to redact non-responsive matter that is personal in nature from otherwise responsive documents on a case-by-case basis. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future. Any Party may, via a noticed motion or noticed request to the Court, and for good cause shown, seek a modification of this Protective Order. By agreeing to this Protective Order, no Party shall be deemed to have waived the right to modifications later sought by the Party. Nothing in this Protective Order shall limit the Parties' ability to stipulate to the receipt of Protected Material by a particular individual, to the manner in which an individual may receive such Material, or to modifications to deadlines required by this Protective Order. 13.2

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. 4 <u>Scope of Persons/Entities Bound</u>: This Stipulated Protective Order shall be binding upon the Parties hereto, their Counsel, and their successors, executors, heirs, assigns, and employees.

13.5 <u>Compliance with Federal and State Law</u>. Nothing in this Order or the ESI protocol shall require a party to violate any controlling public records, disclosure, or retention laws.

14. <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing

Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 11/24/2021

_____
Hon. Alexander F. MacKinnon
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of **Sarah Smith v. AGA Service Company et. al.**, **Case No. 2:20-cv-08557-AB-AFM**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____